IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

UNITED STATES OF AMERICA,                )
                                          )
              Plaintiff,                  )
                                          )        Case No.   3:18-cv-594-CHB
       v.                                 )
                                          )
CHRISTINA MADDOX and                      )
TINA'S TAX SERVICE, LLC,                  )
                                          )
              Defendants.                 )
_____   )

**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF**

The United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this suit to permanently enjoin the Defendants, Christina Maddox and Tina's Tax Service, LLC, and all persons and entities in active concert or participation with the Defendants, from directly or indirectly:

A. Preparing or filing, or assisting in the preparation or filing, of any federal tax return for any other person or entity;

B. Engaging in conduct subject to penalty under Section 6694 of the Internal Revenue Code by understating taxpayers' liabilities;

C. Engaging in conduct subject to penalty under Section 6695 of the Internal Revenue Code (e.g., improperly using any Electronic Filing Identification Number or failing to sign returns);

D. Engaging in conduct subject to penalty under Section 6701 of the Internal Revenue Code (e.g., aiding or assisting others in the preparation of any document to be used in

connection with a material matter arising under the internal revenue laws, which the

Defendants know would, if so used, result in the understatement of tax liability); and

E.  Engaging in fraudulent or deceptive conduct that substantially interferes with the proper

administration and enforcement of the internal revenue laws (e.g., providing falsified or

altered documents to the Internal Revenue Service).

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and

1345, and 26 U.S.C. §§ 7407, 7408, and 7402(a).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

3.      Plaintiff is the United States of America.

4.      Defendant Christina Maddox resides within the jurisdiction of this Court in

Louisville, Kentucky.  She is named as a Defendant because she owns and operates the tax return

preparation business at issue.

5.      Defendant Tina's Tax Service, LLC is a Kentucky limited liability company that

operates a tax return preparation business in Louisville, Kentucky, which is within the

jurisdiction of this Court.

## BACKGROUND

### The Defendants' Tax Return Preparation Business

6.      The Defendants are tax return preparers within the meaning of 26 U.S.C. §

7701(a)(36)(A) because they prepare tax returns or claims for refund for compensation.

2

7.      The total number of federal income (Form 1040) tax returns prepared and filed by the Defendants with the Internal Revenue Service (the "Service" or "IRS") for processing years 2014 through 2018 is set forth below.

| Processing Year | Number of Tax Returns Prepared and Filed |
| --- | --- |
| 2014 | 1112 |
| 2015 | 1204 |
| 2016 | 1160 |
| 2017 | 1068 |
| 2018 | 1010 |
| **TOTAL** | 5,554 |

**The Defendants Filed Returns Claiming False Schedule A Itemized Deductions**

8.      A taxpayer filing a federal income tax return must choose between taking the standard deduction or itemizing his deductions on a Schedule A.  If he chooses to itemize, he may be able to deduct, *inter alia*, medical expenses, home mortgage interest, unreimbursed employee business expenses, theft losses, and charitable gifts.

9.      The Defendants have continually and repeatedly prepared and filed returns that claim false Schedule A itemized deductions.

10.     The Defendants have also continually and repeatedly engaged in deceptive conduct related to the false Schedule A itemized deductions.  This conduct substantially interferes with the proper administration of the internal revenue laws.

11.     The Defendants prepared a federal income tax return for Customers A and B, a married couple, for tax year 2013 that claimed deductions for unreimbursed employee business expenses and charitable contributions.  In 2014, an IRS examiner conducted an audit of the return, and Maddox represented the customers during the audit.  When the IRS examiner

requested substantiation for the charitable contributions, Maddox produced falsified letters from various organizations.  Maddox subsequently asked the customers to provide multiple checks that were signed, but otherwise blank.  Maddox told the customers that she would make the checks payable to charities, and have them correspond to the letters.  The IRS examiner found that the Defendants had inflated the customers' unreimbursed employee business expenses and charitable contributions by approximately $30,000.  The Service assessed additional tax, interest, and an accuracy related penalty against the customers; they consented to the assessments.  The Service also assessed a $5,000 return preparer penalty against Maddox under 26 U.S.C § 6694(b), because the understatement of the taxpayers' liability was due to Maddox's willful or reckless conduct.

12.     In 2015, an IRS examiner audited federal income tax returns that the Defendants prepared for Customer C for tax years 2012, 2013, and 2014.  The returns claimed deductions for unreimbursed employee business expenses and charitable contributions.  Maddox represented the customer during the audit, and provided falsified letters to support the deductions.  The IRS examiner determined that the Defendants had overstated the customer's itemized deductions. The Service assessed over $15,000 in additional tax, interest, and penalties against the customer for these three tax years.

13.     In 2018, an IRS examiner audited the federal income tax return that the Defendants prepared for Customer D for tax year 2016.  Maddox represented the customer during the audit, and provided an altered copy of the customer's return for a previous year to the examiner.  The examiner concluded that the 2016 return omitted over $8,500 of taxable income, and overstated employee business expenses by approximately $5,000.  The Service assessed over

$4,000 in additional tax, interest, and penalties against the customer; the customer consented to the assessments.

14.     The Defendants prepared federal income tax returns for Customer E for tax years 2015 and 2016.  In 2017, an IRS examiner conducted an audit of the returns.  As part of the audit, Maddox provided the examiner with a chart that she had made to substantiate the charitable contributions claimed on the customer's returns.  The chart listed cash contributions for various organizations, including eight different churches.  After reviewing the chart, the examiner directed the taxpayer to contact the churches in order to obtain records of the donations.  The taxpayer responded that he did not donate to *any* churches, and did not know why there were eight listed in Maddox's chart.  The examiner determined that the Defendants overstated the customer's itemized deductions by over $11,000 in total for these two tax years. The Service assessed approximately $3,000 in additional tax, interest, and accuracy-related penalties against the customer.

15.     The Defendants prepared federal income tax returns for Customers F and G, a married couple, for tax years 2015 and 2016.  In 2018, an IRS examiner conducted an audit of the returns, and found that the Defendants had inflated the customers' unreimbursed employee business expenses and charitable contributions by over $20,000 in total for these two years.  The Service assessed over $6,000 in additional tax and interest against the customers; they consented to the assessments.

**The Defendants Filed Returns Claiming False Schedule C Expenses**

16.     If an individual operates a business or practices a profession as a sole proprietor, he must report any profit or loss on a Schedule C.

17.     The Defendants have continually and repeatedly prepared and filed returns that claim false Schedule C expenses.

18.     The Defendants prepared a federal income tax return with a Schedule C for Customers H and I, a married couple, for tax year 2013.  On the Schedule C, the taxpayers deducted nearly $100,000 in costs of goods sold.  In 2016, an IRS examiner conducted an audit of the return, and found that the Defendants overstated the costs of goods sold by over $75,000.  The Service assessed a $5,000 return preparer penalty against Maddox under 26 U.S.C § 6694(b), because the understatement of the taxpayers' liability was due to Maddox's willful or reckless conduct.

19.     In 2016, an IRS examiner conducted an audit of federal income tax returns that the Defendants prepared for Customers J and K, a married couple, for tax years 2013 and 2014.  With regard to the taxpayers' Schedule C, the examiner determined that the Defendants inflated expenses for vehicles, travel, meals, and entertainment by over $35,000 in total for these two years.  The Service assessed over $10,000 in additional tax and interest against the customers; they consented to the assessments.

20.     The Defendants prepared a federal income tax return with a Schedule C for Customers L and M, a married couple, for tax years 2013 and 2014.  In 2015, an IRS examiner conducted an audit of the returns, and found that the Defendants overstated the taxpayers' Schedule C deductions by nearly $70,000 in total for these two years.  The Service assessed over $20,000 in additional tax, interest, and accuracy-related penalties against the customers.

### The Defendants Filed Returns That Used an Incorrect Electronic Filing Identification Number

21.     A tax return preparation firm may choose to apply for an Electronic Filing Identification Number ("EFIN") from the Service.  If a firm obtains an EFIN, return preparers

working for that firm may use the EFIN to electronically file returns they prepare, in lieu of mailing them to the Service.  EFINs are not transferable.  A preparer may not file returns using an EFIN that is not assigned to her firm (e.g., one assigned to her previous employer).

22.  The Defendants have continually and repeatedly filed returns using an incorrect EFIN.

23.  The Defendants have also continually and repeatedly engaged in deceptive conduct related to EFINs.  This conduct substantially interferes with the proper administration of the internal revenue laws.

24.  Maddox obtained an EFIN for Tina's Tax Service in 2005.  That EFIN was suspended in 2007 due to Maddox's failure to file her own personal federal income tax returns.

25.  In or around 2009, Maddox began using the EFIN assigned to Jasmin's Tax Service, LLC–a Kentucky limited liability company owned by Customer N.

26.  Customer N obtained an EFIN for Jasmin's Tax Service in or around 2009 because he planned to open a tax preparation firm with his wife.  The couple prepared a small number of returns in 2009, but quickly decided to close the business.  Customer N maintained the EFIN so that Maddox could use it.  Maddox and Customer N came to an agreement whereby Customer N purchased tax software for Maddox and allowed her to use his EFIN, and, in turn, Maddox prepared Customer N's returns and paid him $5-10 per return that she filed under that EFIN.

27.  In or around 2015, Customer N deactivated the EFIN assigned to Jasmin's Tax Service, and began having his tax returns prepared by a different preparer.

28.     Maddox subsequently directed one of her employees to obtain an EFIN for Tina's Tax Service.  The employee complied, and the IRS assigned Tina's Tax Service a new EFIN. Maddox then began filing returns using that new EFIN.

29.     In 2017, the IRS suspended the new EFIN because Maddox was using it, and her previous EFIN for Tina's Tax Service had been suspended in 2007.

### Maddox Failed to Sign Her Customers' Tax Returns

30.     A paid tax return preparer must sign all returns and claims for refunds that she prepares.  If multiple return preparers work together to prepare a return or claim or refund, the individual who has the primary responsibility for the overall substantive accuracy of the preparation of such return or claim for refund must sign.

31.     Maddox has continually and repeatedly failed to sign returns that she prepared for others.

32.     The Defendants prepared federal income tax returns for Customers O, P, and Q for tax year 2015.  All three customers confirmed to an IRS employee that they sat in the Defendants' office while their returns were prepared.  The returns filed with the Service on behalf of these taxpayers reflect that they were not prepared by a paid return preparer, because Maddox did not sign the returns.

33.     The Service has identified over 90 federal income tax returns for tax year 2015 that were likely prepared by Maddox, but were not signed by any paid return preparer.

### Harm Caused by the Defendants

34.     The Defendants' customers were harmed because they paid the Defendants to prepare accurate tax returns, but the Defendants prepared false returns.  Many customers now face income tax deficiencies, and may be liable for penalties and interest.

35.     Legitimate tax return preparers in the Louisville area who refuse to prepare abusive returns are harmed because they lose potential clients to the Defendants, who are able to improperly and illegally prepare returns that secure refunds to which their customers are not entitled.

36.     The Defendants' conduct harms the United States because their customers are underreporting and underpaying their tax liabilities.  In addition, their conduct undermines public confidence in the administration of the federal tax system.

37.     As discussed above, the Internal Revenue Service conducted an investigation of federal income tax returns prepared by the Defendants.  During the investigation, the IRS examined 42 federal income tax returns.  The IRS made adjustments to 28 returns, for an adjustment rate of 66%, a cumulative deficiency of $73,105, and an average adjustment of $2,611 per return.

38.     As shown by the deficiency set forth above, the Defendants caused substantial revenue loss to the United States.

39.     The Defendants' conduct also harms the United States because the Internal Revenue Service must devote its limited resources to investigating them–identifying their customers, ascertaining the customers' correct tax liabilities, recovering any refunds erroneously issued, and collecting any additional tax liabilities and penalties.

### Likelihood of Recurrence

40.     The harm to the United States will increase if the Defendants are not enjoined because they are likely to continue preparing false federal tax returns for customers during the 2019 filing season and beyond.

41.    The Service assessed $5,000 return preparer penalties against Maddox under 26

U.S.C. § 6694(b) in 2015 and 2017, as described in paragraphs 11 and 18, above.

42.    The Service sent Maddox warning letters in 2014 and 2015.

43.    Despite these efforts, the Defendants have continued to prepare questionable tax

returns.

## COUNT I: INJUNCTION UNDER SECTION 7407

44.    The United States incorporates paragraphs 1 through 43 by reference, as if fully

set forth herein.

45.    Section 7407 of the Internal Revenue Code, 26 U.S.C. § 7407, authorizes a

district court to enjoin a tax return preparer from engaging in conduct subject to penalty under

either Sections 6694 or 6695, or otherwise engaging in any other deceptive conduct that

substantially interferes with the proper administration of the internal revenue laws, if the court

finds that the preparer has engaged in such conduct and that injunctive relief is appropriate to

prevent the recurrence of the conduct.

46.    Additionally, if the court finds that a preparer has continually or repeatedly

engaged in such conduct, and that a narrower injunction prohibiting only that specific

enumerated conduct would not be sufficient to prevent that person's interference with the proper

administration of the internal revenue laws, the court may enjoin that person from further acting

as a return preparer.

47.    Section 6694(a) penalizes a tax return preparer if (1) the preparer prepares a

return or claim for refund that includes an understatement of liability, (2) the understatement of

liability is due to an unreasonable position, and (3) the preparer knew (or reasonably should have

known) of such position.

48.     Section 6694(b) penalizes a tax return preparer if (1) the preparer prepares a return or claim for refund that includes an understatement of liability, and (2) the understatement of liability is due to either a willful attempt to understate the liability, or a reckless or intentional disregard of rules or regulations.

49.     The Defendants' conduct, as described above, is subject to penalty under Sections 6694(a) and 6694(b) of the Internal Revenue Code.  The Defendants have continually and repeatedly prepared federal income tax returns that include understatements of their customers' liabilities, which had no realistic possibility of being sustained on the merits.  The Defendants knew or should have known that their positions were unreasonable.  The Defendants have therefore engaged in conduct subject to penalty under Section 6694(a).

50.     The Defendants have continually and repeatedly prepared returns for customers with false entries in a willful attempt to understate their customers' liability, or with a reckless or intentional disregard of rules and regulations.  The Defendants have therefore engaged in conduct subject to penalty under Section 6694(b).

51.     Maddox was, in fact, assessed two return preparer penalties under Section 6694(b).

52.     Section 6695(c) penalizes a return preparer who fails to furnish the proper identifying number on returns.

53.     The Defendants have continually and repeatedly prepared returns for customers that falsely list an incorrect EFIN.  The Defendants have therefore engaged in conduct subject to penalty under Section 6695(c).

54.     Section 6695(b) penalizes a return preparer who fails to sign a return.

55.     The Defendants have continually and repeatedly prepared and filed returns without signing them.  The Defendants have therefore engaged in conduct subject to penalty under Section 6695(b).

56.     The Defendants have continually and repeatedly engaged in any other deceptive conduct that substantially interferes with the proper administration of the internal revenue law. This deceptive conduct includes providing falsified or altered documents to the Service during audits, attempting to persuade taxpayers to provide blank checks in order to substantiate deductions for charitable contributions, and paying a different preparer for the ability to use his EFIN.

57.     Injunctive relief is appropriate to prevent the recurrence of this conduct.

58.     The Defendants have continually and repeatedly engaged in conduct that violates Sections 6694 and 6695 of the Internal Revenue Code.  They have engaged in said conduct over several tax years, and on numerous occasions.  Merely enjoining the Defendants from engaging in conduct that violates these specific statutes would be wholly insufficient to prevent their interference with the proper administration of the tax laws, as the Defendants have shown little regard for the tax laws.  Accordingly, the Defendants should be permanently enjoined from acting as tax return preparers.

## COUNT II: INJUNCTION UNDER SECTION 7408

59.     The United States incorporates paragraphs 1 through 58 by reference, as if fully set forth herein.

60.     Pursuant to 26 U.S.C. § 7408, a court may issue an injunction if a tax return preparer engages in conduct subject to penalty under 26 U.S.C. § 6701.

61.     Section 6701 authorizes penalties against any person who (a) aids in, assists with, procures, or advises with respect to the preparation of a return or any part of a return; (b) knows that such return will be used in connection with a material matter under the internal revenue laws; and (c) knows that such return would result in an understatement of the tax liability of another.

62.     The Defendants (a) prepared or assisted in the preparation of federal income tax returns for their customers; (b) knew or had reason to believe that these income tax returns would be filed with the Service or used in connection with material matters under the internal revenue code; and (c) knew that the federal tax returns they prepared would result in the understatements of their customers' liabilities.

63.     If the Defendants are not enjoined from engaging in return preparation, they are likely to continue to engage in conduct that violates Section 6701.

## COUNT III: INJUNCTION UNDER SECTION 7402(a)

64.     The United States incorporates paragraphs 1 through 63 by reference, as if fully set forth herein.

65.     Section 7402 of the Internal Revenue Code, 26 U.S.C. § 7402, authorizes a district court to issue orders of injunction as may be necessary or appropriate for the enforcement of the internal revenue laws.

66.     The Defendants, through the actions described above, have engaged in conduct that substantially interferes with the enforcement of the internal revenue laws.

67.     Unless enjoined, the Defendants are likely to continue to engage in such improper conduct, and interfere with the enforcement of the revenue laws.

68.     The Defendants' conduct causes irreparable harm to the United States, for which it has no adequate remedy at law.

69.     Any harm that the Defendants may suffer as a result of an injunction is outweighed by the United States' interest in the proper reporting of tax liabilities.

70.     Enjoining the Defendants is in the public interest because an injunction, backed by the Court's contempt powers, will stop the Defendants' wrongful conduct and the harm it causes to the United States.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully prays that the Court:

A.     Find that the Defendants, Christina Maddox and Tina's Tax Service, LLC, have continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695, and have continually and repeatedly engaged in other deceptive conduct that substantially interferes with the administration of the tax laws, and that a narrow injunction prohibiting only this specific misconduct would be insufficient;

B.     Enter a permanent injunction pursuant to 26 U.S.C. § 7407 prohibiting the Defendants from acting as federal tax return preparers;

C.     Find that the Defendants have engaged in conduct subject to penalty under 26 U.S.C. § 6701, and that injunctive relief under 26 U.S.C. § 7408 is appropriate to prevent recurrence of that conduct;

D.     Find that the Defendants have engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief is appropriate to prevent the recurrence of that conduct under 26 U.S.C. § 7402(a);

E.     Pursuant to 26 U.S.C. §§ 7407, 7408, and 7402(a), enter a preliminary and permanent injunction prohibiting the Defendants, and all persons and entities in active concert or participation with them, from directly or indirectly:

a. Preparing or filing, or assisting in the preparation or filing, of any federal tax return for any other person or entity;

b. Engaging in conduct subject to penalty under Section 6694 of the Internal Revenue Code by understating taxpayers' liabilities;

c. Engaging in conduct subject to penalty under Section 6695 of the Internal Revenue Code (e.g., improperly using any Electronic Filing Identification Number or failing to sign returns);

d. Engaging in conduct subject to penalty under Section 6701 of the Internal Revenue Code (e.g., aiding or assisting others in the preparation of any document to be used in connection with a material matter arising under the internal revenue laws, which the Defendants know would, if so used, result in the understatement of tax liability); and

e. Engaging in fraudulent or deceptive conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws (e.g., providing falsified or altered documents to the Internal Revenue Service);

F.     Order the Defendants to contact all customers for whom they have prepared tax returns or assisted in preparing tax returns, and provide them with copies of the permanent injunction order, and to certify to the Court, within 30 calendar days of entry of the permanent injunction, that they have complied with this provision;

G.     Order the Defendants to provide the United States, within 30 calendar days of entry of the permanent injunction, a list with the names, addresses, telephone numbers, email addresses, and taxpayer identification numbers of all customers for whom they have prepared federal tax returns;

15

H.     Order that the United States be allowed to take post-judgment discovery to ensure compliance with the Court's injunction;

I.     Retain jurisdiction over this civil action for the purpose of enforcing the terms of any inunction entered against the Defendants;

J.     Award the United States its attorney's fees and costs incurred in prosecuting this action; and

K.     Grant the United States such other relief as may be just and proper.


Dated: September 6, 2018

RUSSELL M. COLEMAN
United States Attorney

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Matthew B. Miller*
MATTHEW B. MILLER
D.C. Bar No. 1034558
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-616-3448 (v)
202-514-6866 (f)
Matthew.B.Miller@usdoj.gov

Counsel for the United States

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Christina Maddox and Tina's Tax Service, LLC |

| (b) County of Residence of First Listed Plaintiff _____ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Jefferson <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br> THE TRACT OF LAND INVOLVED. |
|---|---|
| (c) Attorneys *(Firm Name, Address, and Telephone Number)* <br> Matthew B. Miller, U.S. Department of Justice, Tax Division, P.O. Box <br> 227, Washington, DC 20044; (202) 616-3448 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane       ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product       Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability      ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &       Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander       Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'       Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability      ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine       Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product       Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability     **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle      ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle      ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability      ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal       Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury      ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury -       Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | ☐ 791 Employee Retirement | ☒ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting      ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment      ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/       Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations      ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -      ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment       **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -      ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other      ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education      ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation -
Transfer

☐ 8  Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. 7407

Brief description of cause:
Permanently enjoin the Defendants from acting as federal tax return preparers

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
0.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
09/06/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Matthew B. Miller

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| | ) |
| Christina Maddox and Tina's Tax Service, LLC | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Christina Maddox
1322 Durrett Lane
Louisville, KY 40213

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Matthew B. Miller
U.S. Department of Justice, Tax Division
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                              *Server's signature*

                                        _____
                                              *Printed name and title*

                                        _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) |
| Christina Maddox and Tina's Tax Service, LLC | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Tina's Tax Service, LLC
c/o Christina Maddox, Registered Agent
1322 Durrett Lane
Louisville, KY 40213

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:      Matthew B. Miller
U.S. Department of Justice, Tax Division
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                  *Server's signature*

                                         _____
                                                  *Printed name and title*

                                         _____
                                                  *Server's address*

Additional information regarding attempted service, etc: